**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GABRIEL JOSE BIGOTT CASTILLO,

Petitioner,

v. Case No. 3:26-cv-1499-WWB-PDB

WARDEN, NORTH FLORIDA DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus. (Doc. 1). Upon review of his allegations and arguments, the Court construes the Petition as challenging Petitioner's mandatory detention under 8 U.S.C. § 1225 and requesting an individualized bond hearing under 8 U.S.C. § 1226. (Doc. 5 at 1).[1]

Federal Respondents filed a Response (Doc. 6), with exhibits (Doc. 6-1), seeking dismissal of the Petition. They acknowledge that pursuant to *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), Petitioner is detained under 8 U.S.C. § 1226(a) and is eligible to request a custody redetermination hearing with the immigration court. (Doc. 6 at 1). But because Petitioner has not requested a bond hearing with the immigration court, he has failed to exhaust his administrative remedies and thus this case should be dismissed. (*Id.* at 1–4). Although the Court provided Petitioner with an opportunity to reply, he declined to do so. Instead, Petitioner has filed an Emergency

---

[1] Insofar as Petitioner seeks to raise other claims, the Court finds they are insufficiently pleaded. (Doc. 5 at 1).

Motion for Expedited Judicial Review (Doc. 9) and an Emergency Motion for Release (Doc. 10).

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Exhaustion, however, is not a jurisdictional requirement. *Id.* at 474–75. In other words, a court need not inquire into exhaustion on its own and a court has the discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted. *Id.* at 475. Indeed, exhaustion in the § 2241 context can be excused. *See, e.g.*, *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (in § 2241 appeal, explaining that "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action" (internal quotation marks and alteration omitted)).

Here, the Eleventh Circuit decided in *Hernandez Alvarez* almost a month before Petitioner filed this case. Petitioner has not requested a bond redetermination hearing with the immigration court. Thus, Petitioner has not yet exhausted his administrative remedies, and it is premature for the Court to reach the constitutional questions presented in the Petition. *See, e.g.*, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (finding a § 2241 petitioner should have exhausted his administrative remedies by appealing an adverse bond determination to the BIA before asking the federal court to review the IJ's bond decision); *Bogle v. DuBois*, 236 F. Supp. 3d 820, 823 (S.D.N.Y. 2017) (dismissing § 2241 petition that raised due process violation in connection with a bond hearing for petitioner's failure to exhaust the issue by appealing to the BIA).

This case is also distinguishable from cases in which this Court has found it unnecessary for petitioners to exhaust claims that they were improperly classified as "arriving aliens" under 8 U.S.C. § 1225(b)(2) and denied bond hearings. *See, e.g.*, *Jaimes-Martinez v. Warden, Baker Cnty. Det.*, No. 3:26-cv-138-WWB-LLL, Doc. 23 (M.D. Fla. Sept. 15, 2026). In that case, BIA precedent—binding on IJs—foreclosed the possibility of any relief for that petitioner. *Id.* at 2 n.2. That is not the case here. Therefore, the Petition will be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.
2. The Warden's Motion to Dismiss (Doc. 7) is **DENIED as moot**.
3. Petitioner's Motion for Expedited Judicial Review (Doc. 9) and Motion for Release (Doc. 10) are **DENIED as moot**.
4. The Clerk shall enter judgment dismissing the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 17, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: Gabriel Jose Bigott Castillo, A245289077
Counsel of record